# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BRETT LILLEMOE, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, FOREIGN
AGRICULTURAL SERVICE,

    *Defendant.*

No. 15-cv-2047 (DLF)

## ORDER

    Plaintiffs Brett Lillemoe and GTR, LLC bring this suit against the Foreign Agricultural Service (FAS), which administers a federal program designed to finance U.S. agricultural exports, under the Administrative Procedure Act (APA). Before the Court are the plaintiffs' Motion for Discovery, Dkt. 54, and FAS's Motion for Summary Judgment, Dkt. 59, and Motion for Protective Order, Dkt. 60. For the reasons that follow, the Court will deny the plaintiffs' motion for discovery without prejudice, deny FAS's motion for summary judgment without prejudice, and deny FAS's motion for a protective order as moot.

## I. MOTION FOR DISCOVERY[1]

    The plaintiffs make two general requests for documents: (1) a request to include specific documents in the administrative record that "were before FAS" during its decision-making process; and (2) a request for leave to conduct limited discovery. *See* Pl.'s Mot. for Disc. at 2; *id.* at Ex. 1, Dkt. 54-3. The plaintiffs' first request—that FAS supplement the administrative

---

[1] The facts of this case were discussed at length in the Court's prior Memorandum Opinion, Dkt. 48.

record (AR), Dkt. 85, with missing pages from AR 17–19; a missing version of the email at AR 606–607; and the complete versions of AR 32 and AR 44—is moot because FAS has since provided the plaintiffs with these documents. *See* Def.'s Mot. for Summ. J. Ex. D, Dkt. 59-3. The plaintiffs' second request seeks thirteen broad categories of FAS documents and communications for the period of 2009 through 2015[2] that involve "rented trade flow" transactions. *See* Pl.'s Mot. for Disc. Ex. 1 at 5–7, Dkt. 54-3.

A court evaluating an agency action under the APA is directed to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. APA review under § 706 "is to be based on the full administrative record that was before [the agency] at the time [it] made [its] decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Thus, a strong presumption exists against discovery in administrative proceedings, and discovery "should not be permitted" on an arbitrary and capricious claim "unless [the party] can demonstrate unusual circumstances justifying a departure from" the presumption that the agency properly designated the administrative record. *Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991).

The "unusual circumstances" allowing a party to supplement the administrative record with extra-record information arise in three instances: (1) if the agency "deliberately or negligently excluded documents that may have been adverse to its decision," (2) if background information was needed "to determine whether the agency considered all the relevant factors," or

---

[2] Initially, the plaintiffs requested records from 2009 to present. Pl.'s Mot. for Disc. Ex. 1 at 5. In their reply, the plaintiffs modified that request to cover records from 2009 to 2015. Pl.'s Reply at 13–14 n.1, Dkt. 64.

2

(3) if the "agency failed to explain administrative action so as to frustrate judicial review." *City of Dania Beach v. F.A.A.*, 628 F.3d 581, 590 (D.C. Cir. 2010) (citing *American Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)); *see also Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77–78 (D.D.C. 2018).[3]

      The plaintiffs have not proven that FAS deliberately or negligently excluded documents adverse to its decision. To meet its burden, the plaintiffs must establish a "strong showing of [agency] bad faith," *see Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46, 54 (D.C. Cir. 2015). The plaintiffs note that FAS excluded two pages and an email that were provided as discovery during Lillemoe's criminal prosecution, *see* Pl.'s Mot. for Disc. at 8; Lillemoe Decl. ¶ 38, Dkt. 54-4, but these omissions alone are not enough to conclude that FAS deliberately or negligently excluded potentially adverse evidence. *See TOMAC v. Norton*, 193 F. Supp. 2d 182, 195 (D.D.C. 2002), *aff'd sub nom. TOMAC, Taxpayers of Michigan Against Casinos v. Norton*, 433 F.3d 852 (D.C. Cir. 2006) (holding an agency's exclusion of three documents that the plaintiffs had identified through a FOIA request is "not strong evidence of bad faith or an incomplete record"). FAS explains that soon after the plaintiffs' attorney made it aware of the missing

---

[3] Both parties argue that the standard set forth in *City of Dania Beach* applies to the plaintiffs' motion for discovery. But *City of Dania Beach* discussed a request to supplement the administrative record with specific documents, not a motion for discovery. *See City of Dania Beach*, 628 F.3d at 362. And other cases that have addressed discovery requests in APA cases have applied a slightly different standard: that the moving party must make "a significant showing" that the plaintiff will find material in the agency's possession that is "indicative of bad faith or an incomplete record." *See Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487–88 (D.C. Cir. 2011) (citing *Overton Park,* 401 U.S. at 420); *see also Amfac Resorts, L.L.C. v. U.S. Dep't of the Interior*, 143 F. Supp. 2d 7, 12 (D.D.C. 2001); *Muwekma Ohlone Tribe v. Norton*, No. 03-cv-1231, 2005 WL 8168909, at *2 (D.D.C. June 13, 2005), *Cayuga Nation v. Bernhardt*, 374 F. Supp. 3d 1, 27 (D.D.C. 2019). Because these standards are similar, and because both parties argue that the standard set forth in *City of Dania Beach* controls, the Court applies that standard here. But the Court notes that the plaintiffs also have not made a "significant showing" that they will find material "indicative of bad faith or an incomplete record." *See Air Transp. Ass'n of Am.*, 663 F.3d at 487.

documents—the day before the plaintiffs filed their motion for discovery—FAS supplemented the record with the documents the plaintiffs identified. *See* Def.'s Mot. for Summ. J. at 30–32; *id.* Ex. B–D. The plaintiffs also argue that FAS's denial of any knowledge of "rented trade flows" is contradicted by the record and is further evidence of FAS's bad faith. *See* Pl.'s Mot. for Disc. at 12–13. But the documents the plaintiffs use to support their position show that FAS officers struggled to understand the structure of the plaintiffs' transactions. *See* AR 7–13, 463–67, 604, 609–617. Considered together, the missing documents and the parties' communications do not the Court to conclude that FAS intentionally excluded documents from the record.

Nonetheless, based on its initial review of the record, the Court is uncertain whether FAS considered all relevant factors and whether the Court can assess the plaintiffs' APA claim on the record before it. The Court previously concluded that the plaintiffs plausibly alleged an APA claim because FAS "selectively prohibit[ed] the plaintiffs from using rented trade flows while simultaneously approving applications from other participants using the same structure." Mem. Op. at 15. Under the APA, an agency action is "arbitrary when the agency offer[s] insufficient reasons for treating similar situations differently," *Cty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1022 (D.C. Cir. 1999) (internal quotations omitted), and this Court found that FAS offered "insufficient reasons—indeed, *no* reason—for treating similar situations differently" when FAS denied the plaintiffs' GSM-102 applications. Mem. Op. at 15 (internal quotations omitted). At this stage, the Court cannot tell whether GTR's applications differed, if at all, from other program participants, or whether FAS was justified in treating GTR differently from other participants.

The plaintiffs plausibly allege in their complaint that FAS rejected GTR's "rented trade flow" applications but "refus[ed] to stop other similarly situated GSM Exporters from obtaining

4

GSM guarantees that used rented trade flows." First Am. Compl. ¶ 80, Dkt. 25. And Lillemoe's declaration supports these allegations. *See* Lillemoe Decl. ¶ 36. FAS argues in its motion for summary judgment that "the benefit of a complete [administrative record]" shows that the plaintiffs' claims of disparate treatment lack merit, *see* Def.'s Mot. for Summ. J. at 3 n.3, but it is unclear which parts of the administrative record support FAS's argument. The administrative record provides grounds for FAS's denial of GTR's fifteen GSM-102 guarantee applications in December 2012, *see* AR 83, 86–91, 93–94, 327–329, 409-413, 473–479, and a declaration from GSTS, LLC, another program participant, explains that Lillemoe had no contact with executives from that company and no personal knowledge of their transaction structure, *see* Carter Aff. ¶ 3–7, Dkt. 82. But these portions of the record do not reveal whether the structure of GTR's proposed transactions differed in material ways from those of other program participants.

Furthermore, while the Court noted in its initial opinion that Lillemoe's fraud investigation provided a basis for FAS treating GTR's guarantee applications differently from other participants, *see* Mem. Op. at 19, the administrative record does not explicitly state that FAS denied and delayed plaintiffs' applications because of that investigation. FAS suggests as much in its brief, *see* Def.'s Mot. for Summ. J. at 16, but the record does not appear to show that the criminal investigation prompted FAS's denial of GTR's applications, and FAS has not provided a declaration to that effect.

When a court finds that an administrative record is not sufficient for judicial review, the proper course is not to "gather evidence de novo, but rather to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." *Nat'l Wilderness Inst. v. U.S. Army Corps of Engineers*, No. 01-cv-0273, 2005 WL 691775, at *12 (D.D.C. Mar. 23, 2005) (citing *Camp*, 411 U.S. at 143

(1973)). Accordingly, the Court denies the plaintiffs' motion for discovery and directs FAS to clarify, with citations to the record—and, if necessary, supplement the record with evidence, including declarations—(1) whether FAS treated GTR's applications differently from other program participants that submitted similar applications, and (2) if so, whether it had a legitimate reason or reasons for treating GTR differently.[4]

## II. MOTION FOR SUMMARY JUDGMENT

In its motion for summary judgment, FAS argues that (1) the plaintiffs have not identified a "final agency action" that would permit APA review; (2) FAS had adequate reasons for denying GTR's GSM-102 fifteen guarantee applications in December 2012; and (3) FAS had adequate reasons for denying the plaintiffs' application fee refund requests. *See* Def.'s Mot. for Summ. J, at 6–24. But FAS does not directly address the claim that the Court found plausible— that FAS denied and delayed the plaintiffs' applications based on the alleged "rented trade flow" structure, while simultaneously approving applications from other participants using the same structure. *See* Mem. Op. at 15. Nor does FAS explain whether it had a legitimate basis for treating the plaintiffs differently. And the Court has ordered FAS to clarify and, if necessary, supplement the record with evidence that addresses these issues.

For these reasons, the Court will deny FAS's motion for summary judgment without prejudice. Accordingly, it is

---

[4] The Court recognizes that FAS has filed a Partial Motion to Dismiss, Dkt. 72, on standing grounds. At this stage, the Court has determined that, at a minimum, the plaintiffs have standing to challenge FAS's refusal to reimburse the fees paid on their withdrawn GSM-102 applications. The Court intends to address the other issues raised in the parties' standing briefs in the near future and will direct the Courtroom Deputy to contact the parties to schedule a hearing on the pending motion.

**ORDERED** that the plaintiffs' Motion for Discovery, Dkt. 54, is **DENIED** without prejudice. It is further

**ORDERED** that on or before October 28, 2019, FAS shall, if necessary, supplement the record with evidence, including declarations—that explain (1) whether FAS treated GTR's applications differently from other similarly situated program participants, and (2) if so, whether FAS had a legitimate reason or reasons for treating GTR differently. It is further

**ORDERED** that FAS's Motion for Protective Order, Dkt. 60, is **DENIED** as moot. It is further

**ORDERED** that FAS's Motion for Summary Judgment, Dkt. 59, is **DENIED** without prejudice.

_____
DABNEY L. FRIEDRICH
United States District Judge

September 30, 2019